GILLESPIE, Chief Justice,
for the Court:
Laying aside all the other questions raised and after the most painstaking study and restudy of the record, the Court is of the opinion that there is no evidence to sustain the conviction of the defendant of the crime of aggravated assault on an officer.
There were seven or eight people in the trailer when Officer Carvin entered. As he entered the trailer all of these people were sitting around a table and one of them began scuffling with Officer Carvin. Car-vin stated that he was an officer and for everyone to keep their seats. The defendant Royals got up and ran to the back of the trailer. Carvin put his gun on him and told him, “Keep your seat, I’m a police officer.” While still scuffling with another person, Officer Carvin “stuck his head” outside the door and called for his fellow officer. When “he stuck his head back inside the door,” he does not remember anything until he was on his knees with blood coming from his head. He did not hear a gun shot although he was shot and virtually scalped. Officer Carvin did not see who shot him, did not see any gun, and according to his statement, before he was shot there was a lot of shouting, screaming, running and jumping around. The State does not argue that the seven or eight people in the trailer were acting in concert and the fact that Royals got up and ran toward the rear of the trailer is not evidence that he shot Officer Carvin.
The Court feels that an injustice is resulting from the failure of the State to be able to prove who shot Officer Carvin, but there is no evidence on which this conviction can be sustained. The motion for a peremptory instruction should have been sustained. For this reason the case is reversed and defendant discharged.
REVERSED AND DEFENDANT DISCHARGED.
PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.